## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **EMILY CAMERER**<br>**Lock Haven, PA 17745** | : |
| : | |
| : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : |
| : | |
| **v.** | : **JURY TRIAL DEMANDED** |
| : | |
| **HUTCHINSON COMPANIES, LLC,** | : |
| **NORTHBRIDGE CONSTRUCTION** | : |
| **MANAGEMENT, LLC; &** | : |
| **GEORGE HUTCHINSON** | : |
| **333 Rose Street** | : |
| **Williamsport, PA 17701** | : |
| **Defendants.** | : |
| | : |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Emily Camerer, brings this action against her former employers, Hutchinson Companies, LLC, Northbridge Construction Management, LLC, and George Hutchinson. Plaintiff was subjected to invidious sex discrimination and sexual harassment. Defendants' discriminatory conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks all damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court

deems appropriate.

## II.   <u>PARTIES</u>

1.     Plaintiff, Emily Camerer, is a female individual, residing in Lock Haven, Pennsylvania.

2.     Defendant Hutchinson Companies, LLC ("Defendant Hutchinson Companies") is a limited liability company, maintain a place of business located 333 Rose Street, Williamsport, Pennsylvania 17701.

3.     Defendant Northbridge Construction Management, LLC ("Defendant Northbridge") is a limited liability company, maintain a place of business located 333 Rose Street, Williamsport, Pennsylvania 17701.

4.     Defendant George Hutchinson owns Defendant Hutchinson Companies, LLC and Defendant Northbridge Construction Management, LLC, and maintains a place of business located 333 Rose Street, Williamsport, Pennsylvania 17701.

5.     At all times material hereto, Defendant Hutchinson Companies and Defendant Northbridge acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

6.     At all times material hereto, Defendants collectively constituted Plaintiff's employer under the joint and/or single employer doctrine.   Upon

information and belief, Defendants shared common management, had interrelated operations, collectively controlled Plaintiff's job duties and responsibilities, and collectively caused the actions complained of herein.

7.     At all times material hereto, Defendants acted as employers of Plaintiff within the meaning of the statutes which form the basis of this matter.

8.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.     <u>JURISDICTION AND VENUE</u>

9.     The causes of action that form the basis of this matter arise under Title VII and the PHRA.

10.     The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within this District.

13.     On or about August 24, 2018, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and harassment alleged herein. This complaint was cross-filed with

the Equal Employment Opportunity Commission ("EEOC").   Attached hereto, incorporated herein and marked as "Exhibit A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

14.   On or about January 8, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as "Exhibit B" is a true and correct copy of that notice.

15.   Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

16.   Plaintiff was employed by Defendants from on or about May 8, 2018 until on or about August 8, 2018.

17.   Plaintiff was employed as the Executive Assistant to George Hutchinson, Owner, and consistently performed her job duties in an excellent manner.

18.   By way of background, many of the highest-ranking employees of Defendants are relatives of Hutchinson, including Olivia Hutchinson, Residential Real Estate and Leasing Director (Hutchinson's daughter), Gabe Hutchinson, Vice President (Hutchinson's son), and Natalie Hutchinson, Chief Financial Officer (Hutchinson's daughter).

19.   Furthermore, Hutchinson's ex-wife, Kathy Hutchinson, held the

position of Defendants' Human Resources Director.

20.     Shortly after Plaintiff began working, Hutchinson made numerous sexually suggestive comments to her, including, without limitation, telling her that:

    a.  he watched Plaintiff at the restaurant where she used to work for weeks before deciding if she would be the right fit for him;

    b.  Plaintiff was "supposed to be here with" him;

    c.  he liked when Plaintiff wore dresses and did not like when she wore pant suits;

    d.  Plaintiff was "beautiful."

21.     In or about early to mid-July 2018, Hutchinson began asking more intimate questions about Plaintiff's personal life.

22.     Hutchinson disclosed to Plaintiff that he had been physically abused as a young child and asked whether Plaintiff had ever suffered any type of abuse. Plaintiff disclosed to Hutchinson that she had been sexually abused as a child.

23.     Hutchinson additionally asked Plaintiff whether she was still dating her boyfriend and whether she intended to marry him or stay independent.

24.     When Plaintiff informed Hutchinson that she intended to continue dating her boyfriend, he tried to convince her to stay independent.  Hutchinson told Plaintiff he wanted to make her "feel safe" and to make it so she never had to rely on another man again.

25.     On the morning of Friday, August 3, 2018, Hutchinson instructed Plaintiff get into his car and stated that he did not feel like working.

26.     Hutchinson drove her and Plaintiff back to his house, where he asked Plaintiff to help him move furniture.

27.     Hutchinson then asked Plaintiff to pick them up lunch and that they could return to work after eating.

28.     When Plaintiff returned from picking up lunch, she saw that Hutchinson had poured wine for the two of them.

29.     Hutchinson told Plaintiff she was "too good for" her previous boyfriend and said that she should not be living close to her ex-husband.

30.     Hutchinson then told Plaintiff how "vital" she was to him and that he was in love with her.

31.     Hutchinson told Plaintiff that he could set her up in a house.  In return, however, he asked that Plaintiff take care of him when he wanted company.

32.     When Plaintiff appeared shocked and quiet, Hutchinson quickly pointed it out, commenting that he was telling Plaintiff that he loved her, and she was not responding the same way.

33.     Hutchinson additionally told Plaintiff that she should understand all the benefits he was offering me.

34.     Hutchinson then dictated that Plaintiff stand up and embrace him, as

he wanted to "show" Plaintiff how he felt.

35.  Hutchinson walked towards Plaintiff and pulled her in close to him, pressing up against her body such that Plaintiff could feel his erection.

36.  Hutchinson kissed Plaintiff's chest, neck, and lips.

37.  Hutchinson thereafter directed Plaintiff to leave with his car and take the rest of the day off.  As Plaintiff was preparing to leave, however, Defendant Hutchison grabbed her waist and pulled her close to him such that their bodies were touching. He again kissed Plaintiff's lips.

38.  On August 8, 2018, Plaintiff's employment was terminated.

39.  Hutchinson aided and abetted the discrimination and harassment to which Plaintiff was subjected.

40.  Defendants have a pattern and practice of engaging in sex discriminatory behavior.

41.  Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

42.  The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

43.  Plaintiff's sex was a motivating and/or determinative factor in

Defendants' conduct towards her.

44.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

45.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

46.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

47.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thereby warranting the imposition of punitive damages.

48.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

49.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

50.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

51.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

52.     By committing the foregoing acts of discrimination, Defendants violated the PHRA.

53.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(e) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g) awarding punitive damages to Plaintiff;

(h) awarding Plaintiff such other damages and relief as is appropriate under Title VII and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future

violations.

                                        **CONSOLE MATTIACCI LAW, LLC**

Dated: April 3, 2020             By:    _____
                                        Stephen G. Console, Esq.
                                        1525 Locust St., 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        Attorney for Plaintiff,
                                        Emily Camerer